St. Louis Southwestern Railway Company v.
Rachel E. Burke et al.

Decided May 28, 1904.

1.—Charge on Weight of Evidence—Degree of Certainty in Proof.

A charge in an action for causing death, that if the jury believed from the evidence that the deceased was injured early in February and did not die until late in May, then before they could find in favor of plaintiffs the evidence must show with a reasonable degree of certainty that such death in May was the direct and proximate result of the injury received in February, was on the weight of evidence. Plaintiffs were only required to show by a preponderance of the evidence that the death was the proximate result of the injury received in February, and the words "reasonable degree of certainty" imply a higher degree of certainty than is furnished by a preponderance of evidence.

2.—Same—Proximate Cause.

A requested charge that, in order to find for plaintiffs, the jury must believe that the deceased did not die from heart failure or a stroke of apoplexy, but that defendant's negligence was the proximate cause of his death, was properly refused where the main charge required the jury to find affirmatively, as a condition precedent to a recovery by plaintiffs, that death was proximately caused by injuries received by the deceased as alleged in plaintiff's petition.

3.—Evidence of Suffering—Personal Injury—Opinion.

It was permissible for a witness to testify that three or four hours after the collision of the trains deceased, one of the passengers, and who had then gone to a hotel, appeared to be suffering greatly. It was not necessary for the witness to be an expert in order to give an opinion as to the appearance of an injured party.

4.—Same.

So it was competent for the witness to testify that he met the deceased four or five weeks afterwards and that he complained greatly at the time and seemed to be suffering considerably.

5.—Same—Harmless Error.

The admission of a further part of the witness' statement to the effect that the deceased at that time had been out of his bed only a few days was harmless error, if error at all, where other uncontradicted evidence showed such to be the case.

6.—Same—Expressions of Present Suffering.

It was not error for the court to refuse to exclude testimony of a witness to the effect that twelve hours after the collision the deceased was complaining very badly of his back and neck, and seemed to be suffering very much, since by such complaints the deceased was giving expression to then existing pain and suffering.

7.—Same—Statements to Physician.

A physician was properly permitted to testify to statements as to pain and suffering made by the deceased to the physician at the time the latter was examining him for treatment.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*E. B. Perkins* and *Head & Dillard,* for appellant.

*Smith, Templeton & Tolbert,* for appellees.

BOOKHOUT, Associate Justice.—On the 5th day of February, 1902, T. W. Burke was a passenger on one of defendant's trains on its line of railway between Tyler and Gilmer. While he was such pas-

senger, at some time between midnight and daybreak, a collision between the train on which he was riding and another train took place. He continued on his journey to Gilmer, and later returned home. On the 25th day of May, 1902, while sitting in front of the Binkley Hotel at his home in Sherman, he suddenly fell dead. His wife, Rachel Burke, and his six children, two of whom were adults, the other four of whom were minors, brought this suit, alleging that his death was caused by injuries which he received in the collision. The case was tried before a jury, and on the 15th day of October, 1903, resulted in a judgment in the aggregate sum of $4800. It is from that judgment this appeal has been perfected.

*Opinion.*—1. The first assignment of error complains of the action of the trial court in refusing a special charge requested by appellant, reading: "If you believe from the evidence that T. W. Burke was injured early in February, 1902, and did not die until late in May of the same year, then before you can find in favor of plaintiffs the evidence must show with a reasonable degree of certainty that such death in May was the direct and proximate result of the injury received in February." This charge was upon the weight of evidence, and it was not error to refuse the same. The plaintiff was only required to show by a preponderance of evidence that the death of Burke was the proximate result of the injury received in February.

It has been held that the use of the words "reasonably certain" in a charge defining the degree of proof was objectionable as requiring too high a degree of proof. St. Louis A. & T. Ry. Co. v. Burns, 71 Texas 479. It seems clear that the words "reasonable degree of certainty" means a higher degree of evidence than is furnished by a preponderance of evidence. McBride v. Banguss, 65 Texas, 174.

2. Complaint is also made of the court's refusal of appellant's requested charge, reading: "If you believe from the evidence that T. W. Burke died from heart failure, or do not believe from a preponderance of evidence that he died from a stroke of apoplexy directly and proximately caused by negligence on the part of defendant, you will find in favor of defendant." This charge was fairly embraced in the court's general charge. The main charge required the jury to find affirmatively, as a condition precedent to a recovery by plaintiffs, that Burke's death was proximately caused by injuries received by him in the collision complained of in the petition. In a subsequent paragraph this issue was submitted to the jury in a negative form, and they were further instructed that by proximate cause was meant a direct and moving cause; that is, one without which the things complained of would not have occurred. In a further paragraph the burden of proof was placed upon plaintiffs. There was no error in refusing the requested charge.

3. It is contended that the verdict of the jury is contrary to the evidence, and especially, in that the evidence was not sufficient to show that T. W. Burke died because of injuries received by him in February,

1902, to permit a recovery on account of his death occurring on May 25, 1902. There was a sharp contest on the trial on the issue as to whether the death of T. W. Burke was the proximate result of injuries received by him in the collision. There was testimony both ways upon this issue, and the evidence was sufficient to justify the jury in their finding.

The verdict includes a finding that a collision occurred between one of appellant's passenger trains upon which T. W. Burke was at the time a passenger, and a freight train, and the same was caused by the negligence of appellant, and that in said collision T. W. Burke received injuries, which injuries proximately caused his death, whereby appellees sustained damages in the amount found by the jury. In deference to the verdict we so find.

4. The witness Bates was permitted to testify by deposition, after having stated that he went to the hotel at Gilmer with Burke, three or four hours after the accident, that "Mr. Burke appeared to be suffering." This evidence was admissible, and was not subject to the objection that it was a conclusion and an opinion upon a matter about which he had not shown himself qualified to give an opinion. One not an expert can testify as to the appearance of an injured party. Gulf C. & S. F. Ry. Co. v. Bell, 24 Texas Civ. App., 579, 58 S. W. Rep., 618, 619-621; Abee v. Bargas, 65 S. W. Rep., 489.

Again, it was shown that the witness Bates saw Burke at Greenville four or five weeks after the accident, and it is contended that the court erred in permitting said witness to testify that "at the time he was hardly able to walk at all, only with the assistance of a cane, and had been out of bed only a few days; he complained greatly at the time and seemed to be suffering considerably." The objection to this testimony was that it was the opinion and conclusion of the witness. There was no error in admitting the evidence. The testimony of Mrs. Rachel Burke shows that Mr. Burke was in bed about three weeks after the accident, and the uncontroverted evidence shows that he had only been out of bed a few days when Mr. Bates saw him in Greenville. If there was any error in admitting the statement, "and had been out of bed only a few days," it was harmless, as it was shown to be a fact by the uncontroverted evidence. The balance of the statement was admissible under the authorities above cited.

5. Complaint is made of the action of the court in overruling the exceptions to the testimony of the witness Conway. The bill of exceptions shows that the witness met Mr. Burke at Pittsburg about twelve hours after the collision. He was permitted to testify that, "He (Burke) was complaining very badly of his back and neck hurting him, and seemed to be suffering very much." The objection was the evidence was irrelevant, immaterial and self-serving. The statement indicates that when the witness saw Burke he was complaining of his back and neck hurting him. By these complaints he was giving expression of then existing pain and suffering. The evidence was relevant and material,

and there was no error in admitting it. Wheeler v. Railway Co., 91 Texas, 356; Missouri K. & T. Ry. Co. v. Zwiener, 38 S. W. Rep., 375; Gulf C. & S. F. Ry. Co. v. Bell, 24 Texas Civ. App., 579, 58 S. W. Rep., 618, 619-621; Missouri K. & T. Ry. Co. v. Oslin, 26 Texas Civ. App., 370, 63 S. W. Rep., 1043; Jackson v. Railway Co., 23 Texas Civ. App., 319, 55 S. W. Rep., 376.

6. It is insisted that the court erred in admitting the testimony of Dr. E. J. Neathery, in answer to the following question propounded by plaintiffs' counsel: "Did he describe to you what his feelings had been from that time (the time of the accident) and the time he gave the history of the case to you?" To which the witness answered: "Probably he did; I don't know that I can give it in detail. I know he said his head hurt him a great deal and he didn't feel exactly right." The answers were objected to as immaterial, irrelevant, self-serving and the detail of a past transaction. The statement of facts, which was agreed to by counsel does not show that the witness testified to the statement "and he said he didn't feel exactly right." Hence the question of the admissibility of this statement does not arise. Gulf C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603, 68 S. W. Rep., 562; Ramsey v. Hanley, 72 Texas, 194.

The questions asked by Dr. Neathery were for the purpose of getting a history of the case with the view of treatment, and the answers were given while the physician was examining Mr. Burke for treatment. The statements of the deceased as to pain and suffering made under the facts shown were admissible. Gulf C. & S. F. Ry. Co. v. Moore, 28 Texas Civ. App., 603, 68 S. W. Rep., 561; Missouri K. & T. Ry. Co. v Rose, 19 Texas Civ. App., 470, 49 S. W. Rep., 133; Newman v. Dodson, 61 Texas, 95; Rogers v. Crain, 30 Texas, 284; Wheeler v. Railway Co., supra.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.