St. Louis & San Francisco Railroad Company v. W. J. Boyer et al.

Decided November 24, 1906.

### 1.—Personal Injuries—Evidence—Expressions of Pain.

The suffering of a party in many cases can only be ascertained by expressions of the party himself, and this being the best evidence of which the case is susceptible, such evidence is admissible if such expression is usual and natural under such conditions.

### 2.—Same—Appearances—Nonexpert Testimony.

Nonexpert witnesses may testify as to whether or not a person appeared to be sick and suffering or otherwise.

### 3.—Railroad Track—Condition—Degree of Care.

A railroad company must exercise the highest degree of care to keep its track in proper condition for the operation of its trains; a reasonable degree of care is not sufficient.

Appeal from the District Court of Grayson County. Tried below before Hon. B. C. Jones.

*C. H. Yoakum* and *Head, Dillard & Head,* for appellant.—In order for the statements of a plaintiff suing for personal injuries to be admissible in evidence they must relate to present pain or suffering, be the natural exclamations brought about by his condition, and sufficiently involuntary to exclude the idea of premeditation or design. This rule is doubly strong after suit is brought. Missouri, K. & T. Ry. v. Johnson, 95 Texas, 409; International & G. N. Ry. v. Kuehn, 21 S. W. Rep., 58; Jackson v. Missouri, K. & T. Ry., 55 S. W. Rep., 377; Williams v. Great Northern Ry., 70 N. W. Rep., 860; Roche v. Brooklyn City Ry., 105 N. Y., 294; Bacon v. Charlton, 7 Cush. (Mass.), 581 at p. 586.

When one sues for a personal injury and the issue is made as to whether he is really injured, a nonexpert witness can testify as to his physical appearance, going to show injury or noninjury. St. Louis & S. F. Ry. v. Smith, 90 S. W. Rep., 929; St. Louis S. W. Ry. v. Burke, 81 S. W. Rep., 774; Rutherford v. St. Louis S. W. Ry., 67 S. W. Rep., 162; St. Louis S. W. Ry. v. Wright, 84 S. W. Rep., 270; Gulf, C. & S. F. Ry. v. Reagan, 34 S. W. Rep., 796; Galveston, H. & S. A. Ry. v. Welsch, 85 Texas, 593-600; Mullin v. Galveston, H. & S. A. Ry., 92 S. W. Rep., 1000.

As the evidence raised the issue of excessive rains and that this caused the condition of the track and brought about the wreck, despite the exercise of a proper degree of care on the part of the railway company, defendant was entitled to have this issue specifically presented to the jury. The court, not having done this in its main charge. should have given the special charge. Missouri, K. & T. Ry. v. McGlamory, 89 Texas, 635;

Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 166; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58.

*W. J. Mathis* and *Wolfe, Hare & Maxey,* for appellees.—When bodily pain or suffering is material to be proved, complaints or statements of present pain or suffering are admissible in evidence and may be testified to by any one who hears them.   Texas & Pac. Ry. Co. v. Barron, 78 Texas, 423; Jackson v. Missouri, K. & T. Ry. Co., 55 S. W. Rep., 376; Gulf, C. & S. F. Ry. Co. v. Bell, 58 S. W. Rep., 621; Missouri, K. & T. Ry. Co. v. Oslin, 63 S. W. Rep., 1043; St. Louis S. W. Ry. Co. v. Burke, 81 S. W. Rep., 774; Texas Cent. Ry. Co. v. Powell, 86 S. W. Rep., 22; St. Louis S. W. Ry. Co. v. Haynes, 86 S. W. Rep., 935.

The testimony, the exclusion of which forms the basis of this assignment, was purely the opinion of a nonexpert witness unaccompanied by the statement of any fact upon which such opinion was based and objection to same was properly sustained.   Denison & P. S. Ry. v. Foster, 68 S. W. Rep., 299.

RAINEY, CHIEF JUSTICE.—Appellees, husband and wife, brought this suit against appellant to recover damages for personal injuries to the wife, Mrs. Boyer, occasioned by the derailment of a train operated by appellant, on which Mrs. Boyer was a passenger, near Vinita, in the Indian Territory.   On a trial before a jury a judgment was rendered against the railway company for $7,500, from which this appeal was taken.

Appellant's first assignment of error complains of testimony admitted over its objection as to expression of pain and suffering by Mrs. Boyer, as shown by its bill of exceptions as follows: "Be it remembered that on the trial of this cause when Mrs. Blanche McKinney was testifying as a witness in behalf of the plaintiff, she testified that she had seen Mrs. Boyer at Durant.   She was then asked this question:   When you would be with her did she or not make any complaint of suffering at any time you were with her?   I want you to understand the question, I am not asking if she made complaints of having suffered at some other time when you were not there.   For instance, if you would come in today, if she complained of suffering yesterday, I am not asking you about that, but did she complain, at any time make complaints of any suffering that she was then experiencing while you were there, and was she talking to you? If so, state what complaints she made; that is, complaints during the time you have known her since December, 1904.   To the evidence sought to be elicited by the question, defendant objected that it would be a selfserving declaration and action.   It would be a complaint after suit filed and not an involuntary exclamation of pain.   Which objection was overruled, and the witness answered:   "I have seen her when she would be lying in bed and she would say, 'I am suffering intensely with my head this morning;' that is about what she would say."   To the action of the court in overruling the objection defendant then and there excepted." This testimony of Mrs. McKinney relates to expressions of Mrs. Boyer while living at Durant.   Plaintiff moved to Durant about December 1, 1904, and suit was filed December 21, 1904.   In this connection appellant submits the following proposition:   "In order for the statements

of a plaintiff suing for personal injuries to be admissible in evidence they must relate to present pain or suffering, be the natural exclamations brought about by his condition, and sufficiently involuntary to exclude the idea of premeditation or design. This rule is doubly strong after suit is brought."

In the case of Bacon v. Charlton, 7 Cush. (Mass.), 581, the court in discussing the admission of such testimony said: "The rule of law is now well settled, and it forms an exception to the general rules of evidence, that where the bodily or mental feelings of a party are to be proved, the usual and natural expressions of such feelings, made at the time, are considered competent and original evidence in his favor. And the rule is founded upon the consideration, that such expressions are the natural and necessary language of emotion, of the existence of which, from the very nature of the case, there can be no other evidence. There are ills and pains of the body, which are proper subjects of proof in courts of justice which can be shown in no other way. Such evidence, however, is not to be extended beyond the necessity on which the rule was founded. Anything in the nature of narration or statement is to be carefully excluded and the testimony is to be confined strictly to such complaints, exclamations and expressions as usually and naturally accompany, and furnish evidence of, a present existing pain or malady." When the expression of Mrs. Boyer was made as testified to she was lying in bed, and if she was suffering with her head, it was one that would naturally flow from such a condition, and indicates existing pain. It is not a narrative or statement of a past occurrence, but an expression of the pain she was then suffering. The suffering of a party in many cases can only be ascertained by expressions of the party himself, and this being the best evidence of which it is susceptible, such evidence is admissible if such expression is usual and natural under such condition. Whether or not Mrs. Boyer was feigning is for the jury to determine, and whether or not such expressions were made some time after the accident does not affect its admissibility, but might affect the weight that should be given to it. (Texas & Pac. Ry. Co. v. Barron, 78 Texas, 421.) We are of the opinion that the evidence was properly admitted, which holding we think is sustained by the following authorities: Houston & T. C. Ry. Co. v. Shafer, 54 Texas, 641; Newman v. Dodson, 61 Texas, 91; Gulf, C. & S. F. Ry. Co. v. Bell, 58 S. W. Rep., 621; Missouri, K. & T. Ry. Co. v. Oslin, 63 S. W. Rep., 1039; St. Louis S. W. Ry. Co. v. Burke, 81 S. W. Rep., 774; St. Louis S. W. Ry. Co. v. Haynes, 86 S. W. Rep., 934.

Appellant's second and seventh assignments, inclusive, embrace practically the same propositions and what we have said under the first assignment applies to these, and said assignments are overruled.

Complaint is made that the court erred in excluding, over appellant's objection, the testimony of Miss Horsley, who would have testified that, "while she was at our house nothing in her appearance or actions indicated that she (Mrs. Boyer) was hurt or injured." There was a sharp issue made as to whether or not Mrs. Boyer was injured as claimed, and Mrs. Boyer, after the accident had visited the home of Miss Horsley. The objection to the evidence was that it was immaterial, irrelevant and stated the opinion and conclusion of the witness, and she did not give a statement of the facts upon which she bases the opinion. The objection

is not tenable and the testimony should have been admitted. The testimony was not the opinion as to Mrs. Boyer being in fact injured, but only as to the appearance of her being injured. Under all the authorities testimony as to the appearance of a party is admissible. (St. Louis & S. F. Ry. Co. v. Smith, 90 S. W. Rep., 929; St. Louis S. W. Ry. Co. v. Burke, 81 S. W. Rep., 774; Rutherford v. St. Louis S. W. Ry. Co., 67 S. W. Rep., 161; Galveston, H. & S. A. Ry. Co. v. Welsch, 85 Texas, 593-600; 1 Greenl. Ev., sec. 439 (13th ed.), p. 495, n. 2.)

Appellee insists that the exclusion of this evidence was harmless as other witnesses had testified to practically the same effect. We do not think this reason should prevail in this case, if good in any case. Two or three other witnesses had testified along this line, but whether or not the testimony of Miss Horsley would have changed the result we do not know and therefore can not say the exclusion of her testimony was harmless. Had Miss Horsley testified in substance what is here insisted upon there would be reason for the contention of appellee, but this was not done. In the case of Denison & P. S. Ry. Co. v. Foster, 68 S. W. Rep., 299, cited by appellee in support of his contention, where it was held the exclusion of similar testimony by a witness was harmless, the witness had already testified in substance the matter that was excluded, consequently it was held there was no error.

Appellant complains of the rejection of the testimony of a witness by deposition, "that while at Rogers, Arkansas, Mrs. Boyer was not ill." The witness had testified that Mrs. Boyer, during said time, made no complaints of suffering or injuries. The objection to the rejected testimony was that it was the statement of a conclusion and not the statement of a fact; that the witness did not show herself competent to give an opinion with reference to the matter she testified about.

Mr. Greenleaf says: "Nonexperts may give their opinions on questions of . . . sickness, health, . . . and the like." Mr. Rogers in his work on Expert Testimony, p. 9, says: "Witnesses are allowed to express opinions based on facts within their personal observation when the facts can not be so described as to enable another to draw any intelligent conclusion therefrom. Opinions in such cases must be received in evidence from the necessities of the situation." On page 11, he says such witnesses may testify "concerning the health, the physical and mental condition of another. For instance, that a person was sick, in poor health," etc. The admissibility of such evidence arises from the necessity of the case. Ordinarily it would be impossible for a witness to give to the jury such a description of the person's condition, or state facts from which a jury could tell whether a person was sick or well, yet a witness by reason of being with a party and observing his conduct, manner and appearance might form an opinion of the party's condition in that regard. While perforce of the situation it is but a conclusion the authorities hold such an opinion is admissible by reason of the situation itself. The weight given to such testimony depends, of course, upon the intelligence and opportunity of the witness in forming an opinion. We think the court erred in rejecting the evidence.

The court erred in giving the following paragraph of its charge, viz.: "If you further believe from the evidence that the track and roadbed of defendant at the place where said wreck occurred were not so made

and constructed and in such state of repair at said time as that defendant's passenger trains could be operated over same in the usual and customary way in which same were operated, with a reasonable degree of safety to passengers on said trains," etc. This charge fixes as a criterion for the care to be used by defendant in properly constructing its track and keeping it in repair as such that trains could be operated over same in the usual and customary way in which same were operated, with a reasonable degree of safety to passengers on said trains. The highest degree of care was incumbent upon defendant to keep its track in condition for the operation of its trains, and whether or not said trains had been *"usually and customarily"* operated as the train at the time of the accident, was not the test by which to measure the care of the railroad company. It is doubtful whether or not the charge was hurtful to defendant, yet in view of another trial it is thought best to point out what we consider its defect.

Other errors are assigned, but we think none other than those criticised are well taken.

The judgment is reversed and cause remanded.

*Reversed and remanded.*