TEXAS TRACTION CO. v MORROW.†

(Court of Civil Appeals of Texas. Dallas. March 9, 1912. Rehearing Denied April 6, 1912.)

1. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where, in an action for injuries to a servant while winding up doors on ballast cars caused by the breaking of a chain, the evidence showed that the master rented the cars from January to October, that the accident occurred in February, and that no witnesses saw the breaking of the chain except the servant, and no one could identify the car on which the chain broke, the admission of evidence of the inspection of the cars from January to October was not prejudicial, especially where the master laid a predicate for its introduction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

2. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT—EVIDENCE—ADMISSIBILITY.

In an action for injuries to a servant occurring in February while winding up doors of ballast cars rented by the master from January to October, the evidence of the condition of the cars in October, when they were turned over to the owner, was properly excluded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

3. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR — ERRONEOUS EXCLUSION OF EVIDENCE.

The error, if any, in excluding evidence, is harmless, where the facts are subsequently testified to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

4. MASTER AND SERVANT (§ 270*)—INJURY TO SERVANT — ACTIONS — EVIDENCE — ADMISSIBILITY.

In an action for injuries to a servant while winding up doors of ballast cars caused by the breaking of a chain, the testimony of a person, who had been engaged at another time in winding up the cars, that he had not seen any chains break, was properly excluded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

5. WITNESSES (§ 387*) — CROSS-EXAMINATION —SCOPE.

Where, in an action for injuries to a servant, the master claimed that the servant had been injured in a wrestle with a third person, who, on direct examination, testified that he had wrestled with the servant and that the servant was injured, questions on cross-examination as to statements made by the third person in relation to the wrestle to the master's agents, and as to statements made in a former trial in relation thereto, were properly received in evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1228–1232; Dec. Dig. § 387.*]

6. EVIDENCE (§ 317*)—HEARSAY EVIDENCE.

Where, in an action for injuries to a servant, the master claimed that the servant was injured in a wrestle with a third person, the testimony of a timekeeper that he had made statements to a roadmaster of the master about the wrestle and the result was properly excluded as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

7. EVIDENCE (§ 539*) — OPINION EVIDENCE — COMPETENCY OF WITNESSES.

A person who had worked as car repairer, and who was familiar with the winding devices on ballast cars, was not competent to give his opinion as to the number of chains that would have to break before anything would happen to cause the wrench used to wind up the chain to wind up the doors of the car to slip.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2349–2352; Dec. Dig. § 539.*]

8. WITNESSES (§ 35*) — EVIDENCE — ADMISSIBILITY.

Testimony of a witness cannot be excluded merely because he made contradictory statements; the latter only going to the weight of his testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 77, 78; Dec. Dig. § 35.*]

9. EVIDENCE (§ 127*)—DECLARATIONS — EXPRESSIONS OF PAIN.

In an action for personal injuries, evidence of expressions of pain made by the person injured is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377, 382; Dec. Dig. § 127.*]

10. APPEAL AND ERROR (§ 500*)—QUESTIONS REVIEWABLE—EXCEPTIONS.

Where the brief of appellant does not show that the court passed on exceptions to the petition, or that the court's attention was called to them, and the record does not show the action of the court on the exceptions except in the motion for new trial, which states as a ground that the court erred in overruling the exceptions, the exceptions are not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

11. MASTER AND SERVANT (§ 226*) — INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant may assume that the appliances with which he is called on to work are reasonably safe, and that the business is conducted in a reasonably safe way, and he does not assume risks arising from a failure of the master to do his duty unless he knows of the failure and the

attendant risks, or in the ordinary discharge of his duty must have acquired such knowledge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

12. MASTER AND SERVANT (§ 106*)—OBLIGATION OF MASTER—SAFE APPLIANCES.

A master who rents ballast cars for use in his own business must use ordinary care to have the machinery in proper condition for use and must use reasonable care to continue such condition, and such duty is nondelegable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

13. MASTER AND SERVANT (§ 209*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant engaged in winding up doors of ballast cars rented by his master for use in his business does not assume a risk of injury caused by the breaking of a chain.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 552, 553; Dec. Dig. § 209.*]

14. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

It is not error to refuse requested instructions covered by other charges given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by W. A. Morrow against the Texas Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

M. B. Templeton and T. B. Williams, both of Dallas, and J. R. Gough and Abernathy & Abernathy, all of McKinney, for appellant. G. R. Smith, F. E. Wilcox, and R. C. Merritt, all of McKinney, for appellee.

RAINEY, C. J. Appellee brought this suit against the appellant to recover damages for personal injuries sustained by him while in the employ of appellant, the allegations of appellee's petition being in effect that, while at work in appellant's gravel pit, he was placed by the foreman to wind up doors of ballast cars into which gravel was to be dumped and loaded; that in order to do this work it was necessary to stand upon the ground immediately at the end of the ties and outside of the rails of said track; that in winding said doors there was a large wrench which fitted over the end of a long rod that extended underneath the car, to which was attached a chain connecting with the door; that to close the door the wrench must be turned which turns the rod which winds the chain and causes the door to close. While turning the wrench, it was necessary for appellee to stand on the ground, and while so winding the chain broke, which caused the wrench to slip off the rod, and caused him to fall with great force to the ground and down an embankment, thereby injuring him. That appellant was negligent in furnishing a defective chain and an insecure place on which to stand to perform the work. Appellant answered by demurrers, general denial, and specially that appellee was more familiar with the work, the condition of the chain, the mode of operation, etc., than appellant, assumed risk, contributory negligence, and that if hurt it was from the negligence of a fellow servant. A trial resulted in a verdict and judgment for appellee for the sum of $5,000, from which appellant prosecutes this appeal.

The evidence shows that appellant owns and operates an interurban railway between Dallas and Sherman. In January, 1909, it rented from the Midland Railroad four ballast cars which it used until October, 1909, when they were returned to the Midland Railroad. In February, 1909, appellee was an employé of appellant. In that month he was working at the gravel pit, and it was his duty to wind up the doors of said cars, which doors were on the sides of the cars. This was done by means of a wrench attached to the end of a rod which extended underneath the car, to which were attached chains that connected with the doors. The doors were shut or placed in position or wound up by the operator standing on the ground immediately near the end of the car on the outside of the ties and turning the wrench. On the occasion in question, while appellee was performing this duty, a chain broke, which caused the wrench to slip from the end of the road and appellee to fall down an embankment, and he was thereby injured. The chain was defective, and appellant was negligent in not keeping it in repair. Appellee was not guilty of contributory negligence, nor did he assume the risk.

Appellant's assignments 1 to 6, inclusive, complain of the court's action in admitting testimony relating to the condition of the chains and to the cars being brought to the shops for repairs subsequent to the injury, and to other cars at a date other than the one of the injury, and the opinion of a witness as to the bad condition of the chains.

[1] The evidence as to the inspection of the cars covered the period beginning when appellant received the cars and ending when they were returned to the Midland Railroad. Appellant first introduced testimony covering this period, and while testimony should have been confined to the period of the injury, and the circumstances intimately connected therewith, yet as no witness saw the chain break, except appellee, and none could identify the car on which the chain broke, greater latitude was permissible as to the introduction of evidence as to the condition of the cars. The evidence, though not strictly admissible, was not of such a nature as to require a reversal, especially as appellant laid the predicate for its introduction.

[2, 3] The opinion evidence complained of we think legitimate, as the witness stated facts which authorized the giving of his opin-

ion. As shown by bill of exceptions, witness M. J. Loftus, over objections, was not permitted to testify as to the condition of the chains and cars in October, 1909, when they were turned over to the railroad company. This is assigned as error. We think this evidence was not legitimate, as it related to the condition of the cars long after the accident. Besides, it was harmless, as he afterwards testified in relation thereto.

[4] The refusal to allow witness McClain to testify in reference to not ever having seen any chains break, he having been engaged in the business of winding up the cars, was not error. This testimony was not legitimate, as it did not tend to prove that the chain did not break at another and different time from that at which he was engaged in that work.

[5] It is submitted that "the court erred in admitting the evidence of the witness Jim McLain, upon cross-examination and over defendant's objection; said evidence relating to statements claimed to have been made by said witness to plaintiff and others and to his testimony on a former trial of this case, as shown by defendant's bill of exception No. 2, for the following reasons, to wit, (a) because the same was hearsay, (b) immaterial, (c) prejudicial, (d) it was not the proper method of impeaching the witness, (e) because the questions relating to plaintiff's drinking was intended to bolster up the character of the defendant (plaintiff) and prejudice the jury in his favor, (f) the same was incompetent and not the subject of impeachment and on a collateral issue." We think this not material error. The witness had testified on direct examination as to appellee and him having a wrestle in which appellee was hurt, which appellant was contending was the cause of appellee's injury. On cross-examination witness was interrogated relative to said wrestle and statements in relation thereto made by him to appellant's agents, and to statements made by him in a former trial in relation thereto. The testimony admitted was practically in rebuttal and related to his conduct in relation to his making the statement.

[6] The court did not err in not admitting the testimony of witness Clarkson as follows: "I reported that day or the next to roadmaster. I know Burr Martin. I made statements to him about that time. I told him about the wrestle and result." The witness stated he was timekeeper and given facts "as timekeeper of my record shows." The testimony excluded as to his statement to Burr Martin we think is hearsay.

[7] Objection was made to the exclusion of the evidence of Tollie Dunn as to his opinion as to the number of chains that would have to break before anything would happen to cause the wrench to slip. While he had worked as car repairer and was familiar with the winding devices on said cars, we think, in view of his testimony, he did not qualify as an expert on this issue. His testimony was: "A mashed link would not make it more than half an inch shorter, but any way it would leave some slack under those two chains, and if a man was bearing his weight on it at that time, and that chain broke, there would be no resistance, for the distance that it took to take up the slack of the two chains, and if the fall was great enough there would be nothing for the wrench to do but slip off. It is owing to how soon the other two chains would catch him as to whether the wrench would slip off." Therefore there was no error in excluding this evidence.

[8] There was no error in admitting the testimony of witness Thomas. His contradictory statements went to the weight of his testimony, and not to its admissibility.

[9] The objection to the testimony of Mrs. Morrow as to expression of her husband as to his feelings relative to pain, etc., we do not think error, as it came within the rule announced in Railway Co. v. Boyer, 44 Tex. Civ. App. 311, 97 S. W. 1070, Railway Co. v. Farris, 124 S. W. 497, and Railway Co. v. Coffman, 56 Tex. Civ. App. 472, 121 S. W. 219.

[10] Assignments 15 to 20, inclusive, complain of the overruling of defendant's exceptions to plaintiff's petition. Appellant's brief does not show that the court ever passed upon said exceptions, or that the court's attention was called to them, nor have we been able to find anything in the record showing action by the court in relation thereto, except in the motion for a new trial, and that states as ground for granting a new trial that the court erred in overruling them, which we think is not sufficient to require this court to consider the assignments, and it is not done.

[11] A peremptory instruction was asked to find for appellant on the ground of the insufficiency of the evidence, which was refused, and of this appellant complains, and submits two propositions; the first being that, "the plaintiff having contracted with the defendant to perform the work in which he was engaged, he assumed all the risk ordinarily incident to the work he was performing, and he having had equal or even superior knowledge with the master (defendant) of the danger attending the work that he undertook to do, he assumed the consequences of the risk, and, having continued in the employment and in the performance of the work, he cannot recover." The evidence does not show conclusively that appellee was as familiar with the machinery and of the danger attending its operation, or of its defects, as it was the duty of the appellant to have been, and which the law imposes upon it. The rule applicable here is, as stated by Mr. Gaines, Chief Justice, in Railway Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, as follows: "We understand the law to be that, when the servant enters the employment of

the master, he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge."

[12] This issue was correctly and fairly submitted to the jury by the trial court, and the evidence warranted the conclusions of the jury. The second proposition submitted by appellant under the foregoing assignment is: "The defendant (appellant) having pleaded and the uncontradicted evidence showing that it (defendant) not having gravel cars of the kind in question, but needing them and having rented them from the Midland Company, and upon receipt of the same having inspected them closely, and having turned them over to the plaintiff to prepare and wind for loading, and it being one of his duties to see that the chains were in condition, defendant was entitled to peremptory instructions." The appellee when hurt had been engaged in this particular work about one week or ten days, when the accident happened. The chains were placed immediately under the bottom of the cars, and in performing his duties it does not appear that he had to come in contact with them, or that it was necessary for him to observe their condition, or that he had ever inspected them. It was not his duty to make an inspection of the same, but he had the right to assume that the appellant had used ordinary care to have the machinery in proper condition for use. The fact that appellant had rented the ballast cars for use did not change its duties as master. It was its duty to use ordinary care to furnish appellee reasonably safe machinery with which to work. This duty is nondelegable, and liability cannot be escaped, if injury occurs, by reason of it having been intrusted to another, through whose negligence the injury results. It is not only the duty of the master to furnish his servants with safe machinery and a safe place to work, but he must use reasonable care to continue that condition. Street on Personal Injuries in Tex. p. 221.

[13] The breaking of the chain which caused the injury in this instance is not a risk that is necessarily incident to the business in which appellee was engaged, for, if proper care is taken to keep the chains in repair, it is not liable to happen.

[14] There are many assignments of error complaining of the court's charge and at the refusal to give special charges. The charge is a clear presentation of the issues raised by the pleadings and evidence. The special charges refused that were applicable were covered by the main charge, or by special charges given, and said assignments are overruled.

The evidence supports the verdict and judgment.

There is no reversible error in the record, and the judgment is affirmed.