### MISSOURI, K. & T. RY. CO. OF TEXAS v. GRAHAM. (No. 7164.)

(Court of Civil Appeals of Texas. Dallas. June 6, 1914. Rehearing Denied June 27, 1914.)

1. PLEADING (§ 18*) — FORM AND ALLEGATIONS—CERTAINTY AND DEFINITENESS.

In a personal injury action, an allegation as to the nature of the injury, that plaintiff "was hurt internally, the exact nature of which he does not know and cannot state, but he passed for several days blood from his bowels and he was sore and still is sore internally," was sufficiently specific to justify the court in overruling a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 39, 64; Dec. Dig. § 18.*]

2. APPEAL AND ERROR (§ 837*)—REVIEW—SCOPE OF EXTENT—EVIDENCE CONSIDERED IN DETERMINING QUESTION.

The evidence offered in support of a pleading after a demurrer thereto has been overruled cannot be looked to by an appellate court to test the sufficiency of the pleading.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3272, 3274–3277, 3289; Dec. Dig. § 837.*]

3. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—EVIDENCE.

Error in admitting evidence did not require a reversal, where at appellant's request it was withdrawn from the consideration of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

4. PLEADING (§ 216*)—DEMURRER TO COMPLAINT—SCOPE OF INQUIRY.

Where the sufficiency of allegations are tested by demurrer, they must be considered in connection with the other allgations of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. § 216.*]

5. MASTER AND SERVANT (§ 258*)—ACTION FOR INJURY TO SERVANT—COMPLAINT—NEGLIGENCE.

A petition, in an action by a station agent against the railroad company for an injury caused by falling into a ditch as he was ascending the platform of the depot, which alleged that the injury was caused by the negligence of defendant in removing the steps which had been used in mounting the platform, in failing to furnish a safe way and means for plaintiff in the discharge of his duties, in failing to cover the ditch to prevent any one from falling into it, and in failing to provide a safe railing or other object by which plaintiff could pull himself upon the platform, was not subject to the criticism that it showed no facts making defendant guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. § 258.*]

6. EVIDENCE (§ 127*)—SELF-SERVING DECLARATIONS—HEARSAY.

In a personal injury action, it was not error to permit a witness to testify that, since the accident, plaintiff had complained that his ankle and wrist pained him; it being for the jury to determine whether such expressions were real or feigned.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377–382; Dec. Dig. § 127.*]

7. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—EVIDENCE.

Error, if any, in admitting evidence which was subsequently withdrawn from the jury by a special charge, submitted by appellant, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

8. DAMAGES (§ 167*)—EVIDENCE—EXPECTANCY OF LIFE.

Where, in a personal injury action, the petition alleged diminished earning capacity, and future pain and suffering, and the evidence was sufficient to warrant the conclusion that plaintiff was permanently injured, it was permissible for plaintiff to show his life expectancy.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 487–489; Dec. Dig. § 167.*]

9. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

In an action for an injury to a station agent caused by his falling from the platform into a ditch after the steps were removed to construct the ditch, the court properly submitted to the jury the negligence of defendant in removing the steps, in leaving the ditch uncovered, etc.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

10. MASTER AND SERVANT (§§ 288, 289*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

In an action for an injury to a station agent caused by falling as he was ascending the platform after the steps had been removed to construct a ditch, held, under the evidence, that the questions of contributory negligence and assumption of risk were properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1090, 1092–1132; Dec. Dig. §§ 288, 289.*]

11. TRIAL (§ 295*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

In a personal injury action, an instruction that if plaintiff was injured by defendant's negligence, and, after being injured, exercised such care for the treatment of his injuries as an ordinarily prudent person would have exercised, then, if he was entitled otherwise to recover, he could recover for the full extent of his injuries, though standing alone, it was erroneous in allowing full damages, even if plaintiff had been guilty of contributory negligence, yet, when construed with the other and preceding paragraphs of the charge as to the effect of contributory negligence to defeat recovery, it was not likely that the jury was misled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from District Court, Collin County; F. E. Wilcox, Special Judge.

Action by Sam Graham against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and W. R. Abernathy and Wallace Hughston, both of McKinney, for appellant. R. C. Merritt and H. C. Miller, both of McKinney, for appellee.

TALBOT, J. The appellee sued the appellant to recover damages for personal injuries received by him while in the employment of appellant, as its station agent at McKinney, Tex. It is alleged: That at the time of the accident resulting in the plaintiff's injury, which was the 14th day of October, 1912, the defendant operated and maintained a passenger station on the west side of its track in the eastern portion of said city, and that about 250 feet south of said passenger station and directly across the track east it maintained a freight office and depot. That said freight office was in the south end of said freight depot, and the freight depot had a platform about three feet high from the ground which extended north of said depot

about 40 feet and that said platform was about 36 feet wide. That there had always theretofore been steps leading upon said freight platform from the ground on the northwest corner thereof. That defendant, its servants, agents, and employés, on or about the date aforesaid, dug a ditch or sluiceway about 3½ feet deep immediately north of said platform so that the south edge or side of said ditch extended up to and under the north edge of said platform; and that in doing so they tore away said steps and they put concrete consisting of cement and gravel, in the bottom of said ditch which had become hard. That it was the duty of the plaintiff to manage the affairs of the defendant at each of said offices, and during the day while attending to his duty it became and was necessary for plaintiff frequently to pass quickly from one of said offices to the other; and that on the day above alleged, while in the discharge of his duty, plaintiff was attempting to pass from the passenger station to the freight office; and that in so doing he attempted to climb up on the north end of said freight depot platform, and in doing so he caught hold of the west end of a wooden railing about two feet above the platform and connected therewith by upright pieces nailed to the platform and to the railing; and when he did so said railing suddenly gave way, and plaintiff fell backward with great force and violence the distance of about seven feet down into the bottom of said ditch, alighting on the hard concrete, and he was thereby permanently injured. That his injuries were caused by the negligence of the defendant in this: (a) Defendant, its servants, agents, and employés, negligently removed the steps which had been used in going upon said platform and failed to replace them or other steps so that persons and especially employés could get upon said platform, and by reason thereof plaintiff was injured. (b) They failed to furnish a reasonably safe way and means for plaintiff to get upon said platform in discharge of his duties and in going from the passenger station to the freight depot. (c) They failed to cover said ditch or sluiceway and to take proper means to prevent any one from falling or stepping into same. (d) They failed to provide a safe railing or other object by which the plaintiff could pull himself upon said platform, and the railing so provided was unfit and insecure for that purpose. That each act of negligence above set out was the direct and proximate cause of plaintiff's injury, and but for which the plaintiff would not have been injured. Plaintiff alleges that it was no part of his duty to do said work or inspect the same, and he did not know that the said handhold or railing was insecure; that on account of his injuries he has been compelled to employ physicians to treat him and he has incurred expenses in this behalf in the sum of $100, which was

necessary and reasonable; that he will be compelled to employ physicians to treat him in the future; and that by reason of his said injuries the plaintiff has been damaged in the sum of $25,000.

Defendant answered by general and special demurrers, a general denial, pleas of contributory negligence and assumed risk; that plaintiff had been defendant's local agent at McKinney for many years and thoroughly acquainted with the conditions, situation, and surroundings of its station yards and grounds, and, as such agent, had full charge and control of the same and of every person working in or around its said depot; that at the time of the alleged injuries and prior thereto there were other and safe approaches and steps to the platform in question, all of which plaintiff well knew; that it became necessary and defendant was compelled to put in a concrete drain or sewer where the steps mentioned in plaintiff's petition were situated, and that in order to do so it was necessary to temporarily remove said steps; that when it removed the steps it immediately caused a railing to be erected at that place for the purpose of preventing any person from thoughtlessly walking off the platform, and it was not intended to serve as a ladder or as an approach for persons to go upon the platform, which facts were known to plaintiff, or by the use of ordinary care on his part could and should have been known by him; that the plaintiff had the supervision and control of the improvements referred to and knew the purpose for which the railing was placed on the platform, and, if the same was insecure, plaintiff did not give any notice thereof to the defendant. It is further alleged by defendant that if plaintiff received the injuries complained of by him the same were the result of an accident; that defendant was not guilty of any act of omission or commission which caused the same and could not by the use of ordinary care and foresight have foreseen and guarded against such accident.

The trial of the case resulted in a verdict and judgment in favor of the plaintiff for $9,000, and the defendant appealed.

[1-3] Among other injuries alleged to have been received, the plaintiff charges:

"That he was hurt internally, the exact nature of which he does not know, and cannot state, but he passed for several days blood from his bowels and he was sore and is still sore internally."

The quoted allegations of injury were specially excepted to by the defendant, and the exceptions overruled. This action of the court is made the basis of appellant's first assignment, the first proposition being that:

"The pleading is not sufficiently definite to apprise the defendant of what evidence would be offered under it, and therefore the court erred in overruling the exception."

The allegations of the nature of the internal injury here charged to have been received by plaintiff seems to be as full as he was

able to make them, and, under the circumstances, we think they were sufficiently specific to justify the trial court in overruling the demurrer. At all events, the error, if error at all, is not of such a character as would warrant this court in reversing the case. The second proposition is as follows:

"This error worked a prejudice to the appellant in this: On the trial the plaintiff was permitted to testify before the jury substantially that his kidneys were injured by reason of the fall; that before that occurred he could lay down and sleep all night without being bothered, and since that time he would be up at least twice through the night to make water. This evidence was admitted over the defendant's objections duly made to it on the ground that in the petition there was an allegation that he was otherwise hurt internally the nature of which he does not know."

The evidence offered in support of a pleading after a demurrer thereto has been overruled cannot be looked to by an appellate court to test the sufficiency of the pleading. But the evidence set out in the statement made under this proposition appears to have been withdrawn from the consideration of the jury at the defendant's request, and we would not be warranted in concluding that it prejudiced the rights of appellant.

[4] The second assignment of error will be overruled. The allegations of plaintiff's petition charging that by reason of his injuries his earning capacity will be greatly diminished, if not permanently destroyed, were sufficient, and no error was committed in overruling the defendant's exceptions thereto. This is especially true when these allegations are considered in connection with the other allegations of the petition, which must be done in determining their sufficiency.

[5] The appellant's third, fourth, fifth, and sixth assignments of error will also be overruled. The plaintiff's petition is not subject to the criticism that the allegations respecting the several grounds of negligence charged against the defendant and which are set forth in our statement of the nature of this case "show no facts making defendant guilty of negligence." The several demurrers asserting the insufficiency of the petition in these particulars were therefore properly overruled by the trial court.

[6] The seventh assignment of error complains that the trial court erred in permitting the witness Ollie Mathison to testify, in substance, that plaintiff, since the accident resulting in the plaintiff's injuries, said that his wrist and ankle were paining him and that he complained of them hurting him all the time after he went back to work. This testimony was admitted over the objection of the defendant that it was hearsay and self-serving, and because the witness was not shown to be a physician examining plaintiff for the purpose of administering relief, and because, if admissible, the plaintiff could testify to it himself. There was no error, we think, in the admission of the testimony. It falls within the rule, in cases of this character, that involuntary expressions of present pain or suffering which exclude the idea of premeditation or design are admissible. It does not appear that the expressions of the plaintiff were a narrative or statement of a past occurrence, but expressions of the pain he was then suffering. Our holding that the evidence was admissible is sustained, we think, by the following few of the many authorities upon the subject: Railway Company v. Boyer, 44 Tex. Civ. App. 311, 97 S. W. 1070; Railway Co. v. Shafer, 54 Tex. 641; Newman v. Dodson, 61 Tex. 91; Railway Co. v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 621; Railway Co. v. Oslin, 26 Tex. Civ. App. 370, 63 S. W. 1039; Railway Co. v. Burke, 36 Tex. Civ. App. 222, 81 S. W. 774; Railway Co. v. Haynes (Civ. App.) 86 S. W. 934; Railway Co. v. Barron, 78 Tex. 421, 14 S. W. 698. Whether the expressions of pain, as detailed by the witness, were real or feigned, was for the jury to determine. Railway Co. v. Shafer, supra.

[7] The testimony admitted over defendant's objection and made the basis of the eighth assignment of error was withdrawn from the consideration of the jury by a special charge requested by the appellant, and its admission, even if improper—a question we need not decide—furnishes no ground for a reversal.

[8] The tenth assignment of error is as follows:

"The court erred in permitting the plaintiff to prove by his witness M. T. Jones that the life expectancy of a man 52 years old, as shown by the American Experience Tables of Mortality, is 19.49 years, and that of a man 53 years of age as shown by said table is 18.79 years, and that of a man 51 years of age as shown by said table was 20.21 years, as shown by the defendant's bill of exceptions No. 9."

This assignment is submitted as a proposition, and under it the further proposition, namely:

"That there is no conceivable view under which the evidence was admissible and the effect of it was to mislead the jury."

The petition having alleged diminished earning capacity, and future pain and suffering, and the evidence being sufficient to warrant the conclusion that plaintiff had been permanently injured, it was permissible for him to show his life expectancy. The rule laid down in Railway Co. v. Mangham, 95 Tex. 413, 67 S. W. 765, overruling Railway Co. v. Douglass, 69 Tex. 694, 7 S. W. 77, is that:

"When the capacity of one to earn money or to perform labor has been destroyed totally or partially impaired by the negligent act of another so that the injured party is entitled to recover, the measure of damages therefor is the loss which has occurred and will probably occur by reason of the injury; whether the impairment is partial or a total destruction of the capacity to labor or to earn money, the damage can be ascertained by determining what the capacity was at the time the injury occurred and how long the impairment will continue, which, in either case, must be coextensive with the future life of the injured party"

—citing Railway Co. v. Putnam, 118 U. S. 554, 7 Sup. Ct. 1, 30 L. Ed. 257, and Railway Co. v. Cooper, 2 Tex. Civ. App. 42, 20 S. W. 990.

[9, 10] The thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments of error raise practically the same question. They complain, respectively, in substance, that the court erred in refusing to give a special charge requested by defendant instructing the jury that the evidence would not support a verdict in favor of the plaintiff and therefore to return a verdict for the defendant; that the court's charge wherein the jury was instructed that if they believed from the evidence that the defendant, after having removed the steps at the north end of the depot platform, failed to replace the same or to place other steps for its employés to go upon said platform, and should further find that such failure was negligence and such negligence was the proximate cause of plaintiff's injuries, to find for plaintiff, was erroneous and misleading, and there was no evidence upon which to predicate said charge; that the court's charge, reading, "Or if you find and believe from the evidence that the defendant or its servants dug a ditch at the north end of the freight depot platform across which its employés had to go in order to go from the passenger depot to its freight depot, and if you further believe that said ditch was left uncovered, and if you further believe that leaving said ditch uncovered was negligence and that such negligence was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff," was erroneous, misleading, upon the weight of the evidence, and there was no evidence upon which it could be predicated; that the court's charge reading, "Or if you find and believe that after removing said steps the defendant failed to provide a safe railing or other object by which employés could climb upon said platform at the place in question, and if you further believe that the failure to provide such railing was negligence, and if you further believe that such negligence, if any, was the proximate cause of the plaintiff's injuries, if any, then you will find for plaintiff," was erroneous and misleading in that, "if the evidence authorized any recovery on account of the railing in question it was because of a defective railing being placed there, and not in failing to provide a railing that was safe to climb up by," and in that there is no evidence to support the charge, because it was not "proven that it was the duty of the defendant to furnish plaintiff with a safe railing or other thing by which employés could climb upon said platform, and there being no duty to do so, alleged or proven, the defendant could not be guilty as to the plaintiff in this respect," and further, because the failure to provide a safe railing to climb up by was not the proximate cause of the injury."

Neither of the assignments here under consideration will be sustained. Doubtless some of the propositions contended for embrace correct abstract principles of law, but they cannot be applied and enforced under the pleadings and evidence in this case. The trial court, therefore, committed no error in refusing to charge the jury, as requested by the defendant, to return a verdict in its favor, nor in submitting to the jury in the general charge the several grounds of negligence alleged by plaintiff and pointed out in said assignments as issues of fact for their determination. Clearly, the pleadings and evidence made a case which should have been submitted to the jury, and upon the issues submitted. Whether the defendant was guilty of actionable negligence resulting proximately in the accident and injuries of which the plaintiff complained, in removing the steps in question and in failing to replace the same, or to place other steps for its employés to go upon the platform, or in leaving the ditch uncovered or in failing to provide a reasonably safe railing or other means by which its employés whose duties required them to use the way in question, in going to and from the passenger station and freight depot, were each and all issues of fact arising on the pleading and evidence for the determination of the jury. The duties required of the plaintiff by the defendant made it necessary for him to pass, and some times hurriedly, from the passenger station to the freight depot. On the occasion of the accident resulting in his injury, he was in the performance of his duties going from the passenger station to the freight depot and using the customary route to reach his destination. The platform around the freight depot was so high from the ground that it required the use of steps or other means to get upon it. The defendant owed the duty to plaintiff to provide reasonably safe means by which he might mount the platform. This duty was recognized by defendant and the steps in question provided for that purpose. These steps had been removed when plaintiff was hurt, and an insecure railing placed around the platform. To get upon the platform the plaintiff, in the absence of the steps, took hold of this railing and attempted to draw himself up when the railing gave way, and he was caused thereby to fall into the ditch, a distance of about seven feet. The evidence, as we understand it, does not warrant the conclusion that plaintiff had control of and supervised the digging of the ditch as was alleged by defendant, and whether, with the knowledge he had of the situation and surroundings at the time he attempted to get upon the platform, he assumed the risk or was guilty of contributory negligence in attempting to do so as he did, were issues of fact for the jury. These issues were fully and fairly submitted by the court's charge, and no matter what might have been the views of this court in regard to the testimony bearing upon these issues, or the issue of negligence on the part

of the defendant as an original proposition, the fact remains that there is substantial testimony which tends to support the verdict. Obviously, the testimony is not such with respect to either issue as to justify this court in saying the verdict is clearly wrong. The jury was expressly told in the main charge that, in order to find for the plaintiff upon either issue of negligence submitted, such negligence must have been the proximate cause of plaintiff's injuries, and at the instance of defendant they were charged in this connection as follows:

"You are instructed to find for defendant unless you find and believe from the evidence that the injury sustained by the plaintiff was proximately caused by and was the proximate result of the negligence charged; that is to say, unless in view of all the facts and circumstances at the time such injuries might have been reasonably foreseen as likely to ensue from such alleged negligence, if any."

The charges complained of in the twenty-second, twenty-third, and twenty-fourth assignments of error were not materially erroneous with respect to form, did not shift the burden of proof, and have been disposed of adversely to the appellant's contention by what we have already said and need not be separately discussed.

The court did not err in refusing to give the defendant's special charge requested on the issue of contributory negligence, the refusal of which is the basis of the twenty-ninth and thirtieth assignments of error. This special charge was sufficiently covered by the court's general charge, wherein the law on the subject of contributory negligence, as applied to the facts, was correctly and fairly stated.

Likewise, the refused special charge, the refusal of which is made the basis of appellant's thirty-first and thirty-second assignments of error, was covered by the court's main charge, or so nearly so that its refusal evidently resulted in no injury to appellant.

[11] In the seventeenth paragraph of the court's charge the jury was instructed as follows:

"On the other hand, if you find and believe from the evidence that plaintiff was injured by defendant's negligence, and that after he was injured he exercised such care for the treatment of his injuries and restoring himself to his ordinary condition of health as an ordinarily prudent person would have exercised under the same or similar circumstances, and you further believe from the evidence that he was not guilty of contributory negligence in the care or treatment of his injuries, then if you find that he is entitled otherwise to recover for his injuries, he would be entitled to recover for the full extent of his injuries."

This charge is attacked by appellant's thirty-fifth assignment of error, and the proposition advanced that:

It "is erroneous, in that it authorizes the jury to allow plaintiff full damages if he was not guilty of negligence in caring for his injuries, even though he may have been guilty of negligence when he received his injuries."

The charge standing alone would probably be misleading and prejudicial to appellant; but, when taken and construed in connection with the preceding paragraphs of the court's charge, we think it is not likely that the jury was misled by the charge to the injury of appellant. In the fifteenth and sixteenth paragraphs of the court's charge, which immediately precede the one under consideration, the jury was instructed as follows:

"(15) If under the above and foregoing instructions you find in favor of the plaintiff, and you should further find that plaintiff was guilty of contributory negligence in attempting to approach said platform in the manner in which he did or in getting upon said platform in the manner in which he did, or if you find and believe that there was another safe and reasonably convenient way or approach to said depot platform which could have been taken by the plaintiff, and you further believe that plaintiff failed to take said way or approach, and if you further believe that said failure was contributory negligence as that term has been defined to you, and if you further find and believe that such contributory negligence contributed to his injuries, if any, then you are instructed that such contributory negligence, if any, on the part of plaintiff, Sam Graham, would not bar a recovery by the plaintiff herein, but the damages, if you should award any, should be diminished by you in proportion to the amount of such negligence, if any, attributable to said plaintiff.

"(16) It devolves upon the plaintiff to exercise ordinary care for the protection of his own person against injury and to heal such injury, if any, after it was received. Now, if you find and believe from the evidence that plaintiff was injured by the negligence of defendant, and you further believe from the evidence that, after plaintiff was injured, he (plaintiff) was guilty of contributory negligence in any respect in neglecting his injuries or in his manner of treatment of them whereby his injuries were aggravated, then you are instructed that he would not be entitled to recover for any aggravation of his injuries caused by his contributory negligence, if any."

With these instructions before them it is not probable that the error in the paragraph of the charge complained of was calculated to cause the jury to render a larger verdict in plaintiff's favor than they would have rendered but for such error. It not being probable that appellant suffered injury by reason of the charge objected to, the assignment will be overruled.

Nor do we think the court erred in his charge on the measure of damages. Both the pleadings and the evidence authorized a recovery for diminished capacity on the part of the plaintiff to labor and earn money, and also for physical and mental suffering in the future as a consequence of his injuries, and the authorization of such recoveries in the court's charge was proper.

There are a number of assignments which have not been discussed. These assignments have been considered with the conclusion reached that neither of them discloses reversible error. While the verdict may appear large, yet under the evidence we would not be authorized to declare it excessive.

The evidence was sufficient to justify the jury in finding that the material allegations of plaintiff's petition were true, and the judgment of the court below is affirmed.