DALLAS CONSOL. ELECTRIC STREET
RY. CO. v. KELLEY.

(Court of Civil Appeals of Texas. Dallas.
Jan. 6, 1912. Rehearing Denied
Jan. 20, 1912.)

**1. TRIAL (§§ 191, 253*)—INSTRUCTIONS ASSUMING FACTS—IGNORING ISSUES.**

In an action for injuries to a passenger while alighting from a street car, defendant requested an instruction that the uncontroverted evidence showed that plaintiff attempted to alight while the car was in motion, and that if the jury found that a person of ordinary care would not have so acted, then plaintiff's act proximately contributed to any injuries sustained by her. *Held*, that the charge was properly refused as assuming that plaintiff attempted to alight while the car was in motion, ignoring the question of defendant's negligence in suddenly starting the car as plaintiff was attempting to alight.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 613–623; Dec. Dig. §§ 191, 253.*]

**2. NEW TRIAL (§ 143*)—MISCONDUCT OF JURY —PROOF—JURORS' AFFIDAVITS.**

Under Rev. St. 1895, art. 1371, as amended in 1905 (Acts 29th Leg. c. 18), providing that, where a verdict is sought to be set aside for misconduct of jurors, the misconduct may be proved by examination of the jurors or others in open court, such misconduct may not be proved by jurors' affidavits.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Bettie P. Kelley against the Dallas Consolidated Electric Street Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, W. H. Walne, and Spence, Knight, Baker & Harris, for appellant. W. L. Mathis and Carden, Starling, Carden & Hemphill, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries received by her in alighting from one of appellant's cars. Appellant answered by general denial and contributory negligence. A trial resulted in a verdict and judgment in favor of appellee for $1,396, from which this appeal is prosecuted.

[1] The appellant complains of the action of the court in refusing to give a requested charge, as follows: "You are instructed that under the uncontroverted evidence herein the plaintiff attempted to alight from one of the defendant's cars while the same was in motion and before it had stopped for passengers to alight therefrom, and you are instructed that if you find and believe that a person of ordinary care would not have so acted under the same or similar circumstances, then the act of plaintiff in so alighting while the car was in motion did proximately contribute to any injury sustained by her, and you will find for the defendant."

The charge requested assumes as proven that the appellee attempted to alight from the car while it was in motion, and tells the jury if appellee did not act as a person of ordinary care would have acted to find for defendant, and ignored the question of negligence of the appellant in suddenly starting up the car as appellee was attempting to alight.

The evidence shows substantially that appellee was a passenger on an open summer car, the seats running across from side to side; one of the sides of the car being left open with a running board the entire length of the car, used for a step to enter and alight therefrom. As the car approached appellee's point of destination she pushed the bell—a signal to stop the car—at the corner of Harwood and San Jacinto streets. As the car neared said point she arose from her seat and moved to the side and got down on the running board. The car slowed up and was gradually decreasing its speed and had practically stopped when she started to step off the running board, when the car immediately moved forward with a jerk, causing appellee to be thrown to the pavement, thereby injuring her. Several men alighted just prior to the time she was thrown, and the car was moving at such speed that she was justified in concluding that it was about stopped, if it had not in fact stopped. Such being the state of the evidence the requested charge was error in assuming that the car had not stopped, and the court properly submitted that as a controverted issue. The charge would have been misleading as it virtually eliminated from the jury's consideration the question of the appellant's negligence in running by the usual stopping place for passengers to alight, and after practically stopping starting up with a jerk. The court properly charged the jury on the duty imposed by law upon appellee to exercise ordinary care for her own safety in alighting.

[2] Appellant complains that "the court erred in sustaining the motion of plaintiff's counsel to strike out all the affidavits attached to defendant's amended motion for a new trial herein, and in striking from said motion such affidavits, all of which will more fully appear in bill of exceptions No. 3." The affidavits referred to in the assignment attached to the motion for new trial which the court struck out and would not consider, were affidavits made by a number of the jurors before whom the case was tried, and who joined in returning the verdict.

The misconduct of said jurors as stated by the affidavits, in effect, was that they were led to believe by representation of some of the jurors that the court would hold them together until the end of the term, unless a verdict was sooner returned, and, so believing, they were induced to agree to a verdict, having then been deliberating from Septem-

ber 27th, until October 4th, and, further, that some of the jurors refused to be bound by special charges given by the court, but were bound only by the main charge in considering a verdict.

Prior to 1905 the affidavits of jurors in a civil case would not be considered to show their misconduct in deliberating on a verdict. Letcher v. Morrison, 79 Tex. 240, 14 S. W. 1010; Railway Co. v. Ricketts, 96 Tex. 68, 70 S. W. 315. In 1905 (Acts 29th Leg. c. 18) the Legislature changed the rule in regard to the impeachment of verdicts for misconduct of the jury by amending article 1371 of the Revised Statutes, as follows: "Every such motion shall be in writing and signed by the party or his attorney, and shall specify the grounds upon which it is founded, and may be amended under leave of the court, and no grounds other than those specified shall be heard or considered. Where the ground of the motion is on account of the misconduct of the jury, or the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or others by examination in open court; and if the misconduct proven or the testimony received or the communication made be material, a new trial may, in the discretion of the court, be granted." This statute points the way for the impeachment of verdicts for misconduct of the jury, and that is by examination of the jurors or others in *open court*. It seems to us the language used in the statute. excludes the idea that the misconduct of the jury can be shown by affidavits, but requires proof of such to be made by the personal appearance and examination of the witnesses in open court. This was the evident intention of the Legislature, so that the rights of the parties might be duly guarded by a thorough inquiry of the matter by cross-examination of the witnesses.

It follows from what has been said that the court did not err in striking out said affidavits.

Finding no reversible error in the record, the judgment is affirmed.