ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v.
LUCILLE GRESHAM.

No. 2369. Decided June 17, 1914.

**1.—Carrier of Passengers—Negligence—Slippery Steps.**

Permitting the steps of a passenger coach to become slippery with mud and water, whereby a passenger in alighting fell and was injured, may be submitted as a ground of negligence, though the condition resulted from a shower of rain falling during a short trip by said passenger. (P. 455.)

**2.—Same—Contributory Negligence—Charge.**

The court having properly submitted the issue as to contributory negligence of a passenger in failing to make use of the hand-hold for support while alighting from muddy and slippery car steps, did not err in refusing to give a requested charge as to negligence in failing to look where she was stepping or to use care in guarding her steps, such contributory negligence being pleaded but not supported by evidence. (Pp. 455, 456.)

**3.—Carrier of Passengers—Degree of Care.**

The high degree of diligence which would be used by very prudent persons under similar circumstances measures the duty of a carrier of passengers by rail with reference, not only to the operation of its trains, but also to providing a safe means of alighting therefrom at destination; a charge requiring such high degree of care in the latter particular is not erroneous. (P. 456.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hill County.

Lucille Gresham, by next friend, sued the railway company and obtained judgment. This was affirmed on appeal by defendant, who thereupon obtained writ of error.

*E. B. Perkins, D. Upthegrove, Scott, Sanford & Ross,* and *D. C. Woods,* for plaintiff in error.—On the proposition that appellant had used all the care required by law in keeping the steps of its passenger coach free from mud and slippery substances, and in removing from said steps the effects of a shower of rain encountered while the train was en route. Kelly v. Manhattan Ry. Co., 3 L. R. A., 74; Palmer v. Pennsylvania Co., 2 L. R. A., 252; Fearn v. West Jersey Ferry Co.,13 L. R. A., 366; Proud v. Philadelphia & R. Ry. Co., 50 L. R. A., 468; Vancleve v. St. Louis, M. & S. E. R. Co. (Mo.), 80 S. W., 706; Riley v. Rhode Island Co., 69 Atl., 328; Hutch. on Carriers, sec. 957; St. Louis S. W. Ry. Co. v. Tittle, 115 S. W., 640.

On the proposition that appellant had used all the care and diligence required by law in so equipping its car steps as that they would be reasonably safe for passengers in alighting from the train, while said steps were wet and muddy. Texas Midland R. Co. v. Frey, 25 Texas Civ. App., 386; Crowe v. Michigan C. Ry. Co., 106 N. W., 395; Haas v. Railway Co., 106 S. W., 600; Traphagen v. Erie Ry. Co., 73 N. J. L., 759; Indianapolis Traction Co. v. Pressell, 77 N. E., 357; Young v. Mo. Pac. R. Co., 93 Mo. App., 267; 6 Cyc. of Law & Proc., 619-621, and cases cited; Lafflin v. Buffalo & S. W. R. Co., 12 N. E., 599; Graham v.

Pennsylvania Co., 12 L. R. A., 293; Gabriel v. Long Island R. T. Co., 99 N. Y. Supp., 382.

Since the undisputed evidence shows that the plaintiff, in alighting from defendant's train at Hillsboro, failed to use that care which an ordinarily prudent person would have used for her own safety under the same or similar circumstances, such failure constitutes contributory negligence on her part and bars any recovery, and it becomes the duty of the trial court to instruct the jury to find for the defendant. Palmer v. Pennsylvania Co., 2 L. R. A., 252; Indianapolis Traction Co. v. Pressell, 77 N. E., 361; Pittsburg, C. C. & St. L. Ry. Co. v. Aldridge, 61 N. E., 741; Lafflin v. Buffalo, etc., Ry. Co., 12 N. E., 600; Young v. Missouri Pac. Ry. Co., 93 Mo. App., 267; Coburn v. Philadelphia W. & B. R. Co., 48 Atl., 265; Sanchez v. Railway Co., 80 Texas, 118.

The court erred in refusing to give to the jury defendant's special charge No. 2, requested by defendant, which is as follows: "You are instructed that if you believe from the evidence that the plaintiff failed to look where she was stepping, or failed to descend from said platform carefully, or failed to use any caution whatever, in descending from the platform of said car, or failed to watch where she stepped, and such failure, if any, were negligent, and such negligence contributed to her injuries, then you will find for the defendant." Telegraph Co. v. Andrews, 78 Texas, 305; Ross v. St. L. S. W. Ry. Co., 47 Texas Civ. App., 24; H. & T. C. Ry. Co. v. Jones, 83 S. W., 29; Railway Co. v. Worth, 107 S. W., 962; Lyon v. Bedgood, 117 S. W., 898.

The appellant was entitled to have the facts upon which it based its defense of contributory negligence affirmatively grouped and submitted in an appropriate instruction to the jury, and the failure of the trial court to give the special charge requested which so presented them, in the absence of a similar presentation in the main charge, constituted reversible error. G., H. & S. A. Ry. Co. v. Worth, 107 S. W., 962; H. & T. C. Ry. Co. v. Jones, 83 S. W., 29; St. Louis S. W. Ry. Co. v. Hall, 98 Texas, 480; M., K. & T. Ry. Co. v. Hines, 40 S. W., 152; St. Louis S. W. Ry. Co. v. Thompson, 108 S. W., 461; N. T. Traction Co. v. Moberly, 109 S. W., 483; T. & P. Ry. Co. v. Cotts, 95 S. W., 602; San Antonio M. & S. Co. v. Campbell, 110 S. W., 770; St. L. S. W. Ry. Co. v. Arnold, 39 Texas Civ. App., 161; St. L. S. W. Ry. Co. v. Johnson, 38 Texas Civ. App., 322; Western U. Tel. Co. v. Timmons, 125 S. W., 378; Southern Con. Co. v. Hinkle, 89 S. W., 310; Yellow Pine Oil Co. v. Noble, 101 Texas, 127; Railway Co. v. Mangham, 95 Texas, 413; Pelley v. Short, 58 S. W., 56; Railway Co. v. McGlamory, 89 Texas, 635; Epperson v. I. & G. N. Ry. Co., 125 S. W., 117; M., K. & T. Ry. Co. v. Rogers, 90 Texas, 52; Belton Oil Co. v. Duncan, 127 S. W., 887; I. & G. N. Ry. Co. v. Williams, 129 S. W., 848; Lyon v. Bedgood, 117 S. W., 897; Railway Co. v. Hall, 98 Texas, 488; Railway Co. v. Casseday, 92 Texas, 526; St. L. S. W. Ry. Co. v. Rose, 93 S. W., 1105; Dallas Con. St. R. Co. v. English, 42 Texas Civ. App., 393; M., K. & T. Ry. Co. v. Simmons, 36 S. W., 1096.

Since the peculiar hazard of railway travel, requiring high speed by the dangerous agency of steam, is not present while the passengers are entering and leaving the conveyances, the law does not require of the carrier in the equipment of its car steps and platforms that high degree of care for the protection of passengers which is required in the management of its train while in motion, or in the equipment and furnishing of facilities directly involved in such motion; and, therefore, the duty of the carrier in the matter of furnishing safe steps and platforms is to exercise reasonable or ordinary care.   6 Cyc., 605; Texas & P. Ry. Co. v. Woods, 15 Texas Civ. App., 612; Gulf, etc., R. Co. v. Gross, 21 S. W., 186; St. L. S. W. Ry. Co. v. Tittle, 115 S. W., 640.

The evidence in this case showed conclusively that the water which wet the steps of defendant's coach and produced the slippery condition complained of came from a shower of rain encountered by the train while it was in passage from Brandon to Hillsboro; that these two stations were about ten miles apart and the train made no stop whatever after encountering the shower until it stopped at Hillsboro, plaintiff's destination; that the dirt and mud which was alleged to have accumulated on said steps was only such as had come from the shoes of passengers in getting on and off the train on the trip in question; and that previous to the shower of rain above mentioned there had been no rain at all on that day and the ground at stations along the route was perfectly dry; and in view of these undisputed facts and the well settled rules of law it became the duty of the court to hold that the time elapsing after the formation of said slippery condition was entirely too short as a matter of law to charge defendant with negligence, and the court erred in submitting this issue to the jury.   Kelley v. Manhattan Ry. Co., 3 L. R. A., 74; Palmer v. Pennsylvania R. Co., 2 L. R. A., 252; Fearn v. West Jersey Ferry Co., 13 L. R. A., 366; Proud v. Philadelphia & R. Ry. Co., 50 L. R. A., 468; Vancleve v. St. Louis, M. & S. E. R. Co., 80 S. W., 706; Riley v. Rhode Island Co., 69 Atl., 323; Hutch. on Carriers, sec. 957.

*V. L. Shurtleff* and *C. L. Black,* for defendants in error.

Mr. Chief Justice BROWN delivered the opinion of the court.

This suit was instituted in the District Court of Hill County by J. R. Bragg as the next friend of Lucile Gresham, against the St. Louis Southwestern Railway Company of Texas, in which it was charged that Lucile Gresham took passage on the defendant railroad at a station named Frost, in Navarro County, to go to Hillsboro, in Hill County. She had a regular ticket and took her seat in the car where she remained seated until she reached her destination at Hillsboro.   During the time she was on the train there was a rain that fell at some point not designated.   When the train reached Hillsboro the porter, or someone in the employ of the railroad company, directed her to leave the car, as that was the station of her destination.   That when she reached the platform of the car and started to descend the steps leading therefrom to

the ground she found the steps to be wet and slippery, a large amount of water and mud having accumulated thereon, and on account of the condition of the steps she slipped and fell, striking her back on the steps and sustaining severe and permanent injuries.

In her petition she claimed $25,000 damages, and charged that the condition of the steps constituted negligence on the part of the railroad company and was the cause of her injury, which occurred in this wise: When she started down the steps her feet slipped from under her, and she fell, striking the lower part of her back upon one of the steps, whereby she was greatly injured and suffered great mental and physical pain. The negligence charged was in the failure to keep the steps upon which the passengers were to descend in a safe condition, and the proof was sufficient to authorize the jury to conclude that the dirt had accumulated upon the steps of the car through the neglect of those charged with the care of it, and that the rain which had fallen had caused the dirt so accumulated to become slippery and render the steps unsafe. The jury could have found that there was an iron rod extending down the side of the car and above the steps to which she might have held with her hand, and which she did not do.

The defense of the railroad company was negligence on the part of Miss Gresham in failing to take proper care in descending the steps, i. e., that she failed to look and see the condition of the steps before she put her foot on the step, and failed to avail herself of the rod which would have supported her and prevented her falling.

The trial resulted in a judgment in favor of the plaintiff for $6000, and a new trial was denied by the court on the application of the railroad company. The judgment of the District Court was affirmed by the Court of Civil Appeals, and this court granted a writ of error upon the ground that the District Court erred in giving the sixth paragraph of its charge, and also in refusing to give the second paragraph of the charge requested by the railroad company.

The evidence was sufficient to sustain the finding of the jury that the railroad company was negligent in permitting the steps to be in the condition in which they were at the time that Miss Gresham was injured, and we find no reason for disturbing the judgment of the District Court and the Court of Civil Appeals, unless it be in respect to the matters designated in the granting of the writ of error as above stated. We will, therefore, proceed to the examination of those questions of law.

The sixth paragraph of the court's charge reads: "Even though you may believe from the evidence that the defendant was guilty of negligence in respect to the issues submitted to you in paragraph two of this charge, still if you believe plaintiff was guilty of contributory negligence, as that term is hereinbefore defined, in not holding to the hand holds attached to said coach near the steps in question, which directly or proximately contributed to her injury, if she was injured, you will return a verdict for the defendant." The charge correctly states the law applicable to the facts, and correctly submits to the jury the only act of contributory negligence which is suggested by the evidence, and the

court correctly refused to submit the matters suggested in special charge No. 2 requested by the defendant, because there was no evidence to support it.

The court correctly states the measure of diligence which the law requires of passenger carriers, that is, the high degree of diligence which would be exercised by very prudent persons under similar circumstances. International & G. N. Ry. Co. v. Halloren, 53 Texas, 46; Allen v. Galveston City Railway Co., 79 Texas, 631. The limitation of such diligence to the operation of the cars would be unreasonable and without support in the law.

We find no error in the proceeding of which plaintiff in error can complain, and the judgment is affirmed.

*Affirmed.*