FT. WORTH & D. C. RY. CO. v. BROWN.
(No. 1378.)

(Court of Civil Appeals of Texas. Amarillo.
June 26, 1918.)

1. CARRIERS ⊕247(2)—"PASSENGER."

One who goes to railway depot a reasonable time before scheduled departure of train, with intention in good faith of paying his fare and boarding such train, is a passenger during interim between his arrival and that of the train, even prior to his actual purchase of the ticket.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Passenger.]

2. CARRIERS ⊕246—INJURIES TO PASSENGERS—PAYMENT OF FARE—PRESUMPTIONS.

One intending to become a passenger, who was injured in the depot while waiting for his train, and who subsequently boarded the train, must be presumed to have paid the regular fare.

3. APPEAL AND ERROR ⊕1064(2)—HARMLESS ERROR—INSTRUCTIONS—ASSUMING FACTS.

Where the evidence was conclusive that the injury to an intending passenger while in the station waiting for his train was within a reasonable time prior to the departure of the train, there was no harmful error in assuming in an instruction that plaintiff was a passenger when injured.

4. CARRIERS ⊕280(1) — DUTY TO PERSONS IN STATIONS.

In the treatment of passengers awaiting trains in the depot the carrier owes that high degree of care that a very cautious and prudent person would exercise under the same or similar circumstances.

5. CARRIERS ⊕347(3) — INJURIES TO PASSENGERS — SEATS IN DEPOTS — CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

An intending passenger, waiting in the station for a train, who was injured when, in sitting down between two other passengers in what appeared to be a seat, he fell because of the absence of a bottom in the seat, was not negligent as a matter of law.

6. TRIAL ⊕351(2)—SUBMISSION OF ISSUES—SPECIFIC REQUESTS.

In action for injuries by intending passenger who was injured when he attempted to sit in a defective seat, submission of the issue, "Was plaintiff himself guilty of contributory negligence in sitting in said seat as he did?" was not erroneous, in the absence of a correct request for a more specific submission, as being restricted to the manner in which he sat, but embraced the element of negligence in not ascertaining that the bottom of the seat was out.

7. DAMAGES ⊕216(3)—INJURIES TO PASSENGERS—INSTRUCTIONS ON DAMAGES.

In passenger's action for injuries, instruction, authorizing recovery for physical injury and suffering in the past and for damages to health in the future, was not erroneous.

8. DAMAGES ⊕216(3)—INJURIES TO PASSENGERS—INSTRUCTION.

Where injured passenger sought general damages, but not damages for loss of time or diminished earning capacity, and testified he could no longer work because of injuries received, instruction, submitting what amount would compensate him, should have been followed by limitation, precluding consideration of whether plaintiff sustained damages by loss of time or diminished earning capacity; the evidence being insufficient to sustain recovery for damages for loss of time.

9. CARRIERS ⊕286(1) — DUTY TO INTENDING PASSENGERS.

It is the duty of a carrier of passengers to provide and maintain safe and suitable premises for passengers to occupy while waiting for trains.

10. CARRIERS ⊕318(2)—INJURIES TO PASSENGERS—SUFFICIENCY OF EVIDENCE.

When it is shown that a seat in a railway depot is in an unsafe condition, and that plaintiff, an intending passenger, was injured thereby, a finding of negligence was justified without further evidence as to the length of time the condition had existed and the carrier's knowledge thereof.

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by W. M. Brown against the Ft. Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. A. Clarke, of Quanah, and Thompson, Barwise & Wharton, of Ft. Worth, for appellant. Ed Yarbrough, of Electra, for appellee.

BOYCE, J. Appellee, W. M. Brown, recovered of appellant, the Ft. Worth & Denver City Railway Company, damages for personal injuries alleged to have been sustained while a passenger on said railway company, and while in its depot at Chillicothe, waiting for a train. The appellee was traveling by rail from Blackwell, Tex., to Electra, Tex., and changed cars from the Kansas City, Mexico & Orient Railway Company to the appellant railway company at Chillicothe. He had to wait at Chillicothe several hours for a train to Electra, and spent this time in appellant's depot at Chillicothe. The appellee was an old man about 74 years old, and his sight was not very good. While waiting at the depot he engaged in conversation with another person sitting in one of the seats in said depot, and attempted to sit down in the seat next to such person. The bottom of the seat was out, leaving only the frame work, and the appellee fell partly through the seat, and sustained injuries for which he recovered this judgment.

[1, 2] A number of assignments contend that the evidence was insufficient to warrant a finding that appellee was a passenger, and that the court below erred in not so holding. Error is also assigned on the ground that the court assumed in his charge that appellee was a passenger. Appellee's petition negatives the fact that he had a through ticket, it being alleged that he purchased a ticket over appellant's line of road at Chillicothe. The evidence does not show whether appellee had purchased a ticket at the time of the injury or not; in fact, it is silent as to whether he ever had a ticket over appellant's road or paid his fare from Chillicothe to Electra. He did, however, board the train at Chillicothe, and was transported by appellant to Electra, and it is to be presumed, we think, that he either purchased a ticket

or paid his fare on the train. It does not appear definitely just how long after the accident before the arrival of such train; the witnesses describing the interim between the time of the accident and the boarding of the train by appellee as "just a little while" and "a few minutes." One who goes to the depot of a carrier within a reasonable time before the time scheduled for the departure of a train on which he intends to take passage, with the intention in good faith of paying his fare and boarding such train, is to be deemed a passenger during the interim between his arrival and that of the train, even prior to the time of his actual purchase of the ticket entitling him to transportation. Texas Midland R. R. Co. v. Griggs, 106 S. W. 411; 4 R. C. L. 1033. The evidence here is conclusive that appellee was in defendant's depot, intending to board its train, and that he did subsequently do this, and, as we have already stated, we think it is to be presumed that he paid the regular transportation charges.

[3] We are also inclined to think that the evidence is so conclusive that the injury occurred within that reasonable period of time prior to the departure of the train referred to in the rule stated as that, under the circumstances, there was no harmful error in the action of the court in assuming that appellee was a passenger, and we would not be disposed to reverse the case on this assignment. The facts will probably be developed more fully on this phase of the case on another trial, and the court will be controlled in its action in reference to the submission of this issue by the rule stated.

[4] Complaint is made of the charge of the court which imposed upon the appellant company "in the treatment of their passengers awaiting trains in their depots * * * that high degree of care that a very cautious and prudent person would have exercised under the same or similar circumstances," on the ground that the rule requiring the exercise of that high degree of care as stated applies only to those duties in connection with the actual transportation of the passenger, and that only ordinary care is required in reference to the condition of its station and premises occupied by its passengers preliminary to or upon termination of the actual transportation. There are some authorities which sustain this proposition. C. J. vol. 10, p. 910. But it seems to be settled by the decisions of this state that the rule of high degree of care is applicable alike in both situations stated. St. Louis & S. W. Ry. Co. v. Gresham, 106 Tex. 452, 167 S. W. 724; M., K. & T. Ry. Co. v. Harrison, 56 Tex. Civ. App. 17, 120 S. W. 254 (writ of error denied); S. A. & A. P. Ry. Co. v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 256 (writ of error denied); Texas Pacific Railway Co. v. Cameron, 149 S. W. 709 (writ of error denied); G., C. & S. F. Ry. Co. v. Butcher, 83 Tex. 309, 18 S. W. 583; R. C. L. vol. 4, p. 1222, § 644.

[5] Appellant contends that appellee was guilty of contributory negligence as a matter of law in sitting down in the seat without ascertaining that its bottom was out. The seats were located along the wall in a row. The seats to each side of this one were occupied, and this seat was complete with arms and framework. Its appearance to the casual glance of a person having no reason to anticipate a condition of this kind, especially one whose sight was not good, might be such as to invite repose therein, and such person, accepting its invitation without the particular examination necessary to disclose that it was not really what it appeared and was meant to be, is not, we think, to be conclusively held to be guilty of contributory negligence. Appellant also contends that there was error in the submission of the issue of contributory negligence in this language:

"Was plaintiff himself guilty of contributory negligence in sitting in said seat as he did?"

[6] The contention is that this language applies only to the actual manner of the sitting down, and does not cover the principal contention that appellee was guilty of negligence in not discovering that the seat had no bottom and was thus negligent in sitting down at all under such circumstances. We think the general language "sitting in said seat as he did," would embrace this element of negligence; that is, sitting down as he did without ascertaining that the bottom of the seat was out. We think the submission of the issue was sufficient, at least in the absence of a correct request for a more specific submission. The special issue requested by appellant in this connection was incorrect, and there was no error in refusing it. G., C. & S. F. Ry. Co. v. Mangham, 29 Tex. Civ. App. 486, 69 S. W. 80.

[7] By the fifth assignment appellant complains that the charge of the court is erroneous, in that it authorizes a recovery both for "physical injury and suffering" and "damages to health." The instruction is so drawn as that the physical injury and suffering is referred to as that having already been sustained, and the damage to the appellee's health is such "that may, with reasonable probability, hereafter result from such injury." We do not think that this assignment should be sustained, though the charge in this respect is not as clear as it might be.

[8] We are of the opinion, however, that we must sustain the sixth assignment. Appellee did not seek damages for loss of time or diminishment of his earning capacity or power to work, but only set out his injuries and the consequent physical suffering and condition, and concluded that "his health has been damaged to such an extent that he is entitled to the sum of $3,000." The court

submitted the issue of damages in this language:

"What sum of money, if now paid, would fairly compensate plaintiff for the injury and damage to his health, etc.?"

The appellant requested the court to instruct the jury in this connection "that you will not consider as to whether plaintiff has sustained any damages by reason of loss of time in the past or time that he may lose in the future for the reason that there is no evidence showing or tending to snow what his services were reasonably worth in the past or would be reasonably worth in the future;" and the refusal to give this instruction is made the basis of this assignment. There was considerable testimony as to appellee's ability to work and the actual work done by him for several years prior to his injury and as to his inability to work thereafter. It was shown that he had made a crop for several years preceding the injury, and was intending to do so during the year of the injury and the trial, but had been unable to do so on account of his condition, which was claimed to be the result of the injury. At the very beginning of appellee's testimony he stated:

"One reason I brought this suit is that I went to sit down on that seat and got hurt so bad I just ain't able to work; I am done work now, gentlemen."

No testimony was offered as to the value of the work that appellee would have been able to perform or as to his earning capacity; in fact, we understand that it was not appellee's purpose in offering this testimony to claim compensation for the loss of time and diminished earning capacity, but that such facts were offered for the purpose of showing the actual physical result of the accident. The evidence was insufficient to have sustained a recovery for damages on account of loss of time, even if the pleading was sufficient. I. & G. N. Ry. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; T. & P. Ry. Co. v. Goldman, 51 S. W. 275. Loss of time and diminished capacity to work are, however, consequences of ill health as well as physical pain and suffering. Since there was evidence before the jury that time had been lost, though on account of the lack of pleading and evidence as to the value of this time it could not properly form an element of the recovery, the jury should have been instructed not to consider it. While we are not prepared to hold in accordance with appellant's contention that the verdict is excessive, even if only legal elements of recovery are considered, yet we cannot say that the jury did not consider this element of damages in coming to its conclusion—it would be natural for it to do so. Under these circumstances we think the refusal of the charge requested was error.

[9, 10] We overrule the thirteenth assignment. It was the duty of the appellant to provide safe and suitable premises for its passengers to occupy while waiting for its trains. When it was shown that the seat was in an unsafe condition, this fact we think would be sufficient to justify a finding of negligence by the jury, without further evidence as to the length of time this condition had existed and appellant's knowledge thereof. The appellant had charge of the premises, and had better opportunity than any one of knowing the facts and meeting the imputation of negligence that might be drawn from this condition itself.

This disposes of all the questions raised on the appeal. For the reasons stated, the judgment is reversed, and the cause remanded.

HUFF, C. J., not sitting, etc.