## HINES, Director General, v. PARRY. (No. 1722.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 8, 1920. Rehearing Denied Feb. 2, 1921.)

**1. Carriers ⬤═288—Duty to passengers extends to construction and to examination and maintenance of roadbed, tracks, etc.**

A carrier of passengers must use that high degree of care and skill which very cautious persons generally use under such circumstances to prevent injury to passengers on trains; and this pertains, not only to construction of roadbed, tracks, equipment, and appliances, but to the examination and maintenance thereof.

**2. Trial ⬤═261—When a request for an incorrect charge requires a correct charge stated.**

Generally, a request to give a special charge which is incorrect, if sufficient to direct the attention of the judge to the issue, requires the court to submit the issue by a correct charge.

**3. Trial ⬤═261—Requested incorrect charge on a matter as to which no special issue is asked does not require charge.**

Rule that a request to give a special charge which is incorrect if sufficient to direct the attention of the judge to the issue, requires the court to submit this issue by a correct charge, does not apply in a case submitted on special issues; there having been no request for submission of a special issue on the matter to which the requested charge applies.

**4. Trial ⬤═351(2)—In special issue case, court may determine matter as to which no special issue is asked.**

Failure in a case submitted on special issues to request submission of a special issue on any matter is a license to the court to determine such issue without aid of the jury. Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

**5. Trial ⬤═252(1)—Charge need not be given on issue as to which evidence is insufficient for submission.**

Charge need not on request be given on an issue as to which there is not sufficient evidence to require its submission.

**6. Railroads ⬤═5½, New, vol. 6A Key-No. Series—Company need not be party to action for injury to passenger during federal control.**

It is a useless formality, and so not necessary, to make the railroad company party to action against the Director General for injury to a passenger during federal control; there being no personal liability against the company either under the Federal Control Act (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p) or Act Cong. Feb. 28, 1920.

**7. New trial ⬤═44(3)—Refusal on ground of misconduct of juror held not abuse of discretion.**

Refusal of new trial for misconduct of juror in receiving information other than at the trial and talking about it to other jurors *held*

not an abuse of discretion, in view of his and their statements as to its failure to influence them, and the manner in which he voted before and after the information.

### On Motion for Rehearing.

**8. Trial ⬤═261—Request held for supplemental instruction, and not for correction of charge on negligence.**

Defendant's requested charge in a passenger's action for injury that, if the jury find the derailment was from defect in the road unknown to defendant, and which could not be discovered by reasonable observation, etc., defendant would not be guilty of "negligence" as defined in the court's charge, *held* requested by way of supplement, rather than for correction of the court's charge on negligence.

**9. Trial ⬤═352(5)—The several grounds of negligence claimed in petition should be submitted separately.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, as to submission of special issues, the several grounds of negligence claimed in the petition should be submitted separately, rather than, Was defendant negligent in any of the respects claimed in the petition?

**10. New trial ⬤═143(2)—Misconduct of juror may not be proved by affidavits of jurors.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2021, as to granting new trial for misconduct of jurors, affidavits of jurors are not evidence to be considered on the hearing as to a remark made by a juror.

**11. New trial ⬤═44(1)—Grant for misconduct of jurors in court's discretion.**

By express provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 2021, granting of new trial for misconduct of jurors, is in the court's discretion.

Appeal from District Court, Wilbarger County; J. A. Nabors, Judge.

Action by J. R. Parry against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

Goree, Odell & Allen, of Ft. Worth, and Bonner & Storey, of Vernon, for plaintiff in error.

Weeks, Morrow, Francis & King, of Wichita, Falls, and Berry, Stokes & Killough, of Vernon, for defendant in error.

HALL, J. Defendant in error, Parry, filed this suit against Walker D. Hines, Director General of Railroads, alleging that he was injured in a wreck on the line of the St. Louis, San Francisco & Texas Railway Company, whereby he sustained damages in the sum of $15,500. The case was tried before a jury, resulting in a verdict and judgment for $2,500.

[1-4] Plaintiff in error requested the court to charge the jury as follows:

"Gentlemen of the jury, you are instructed that if you find and believe from the evidence

that the derailment of the train on which plaintiff claims to have been injured was caused by some latent defect in the road or the rails, or the ties, which were unknown to the defendant, its agents or employees, and which could not be known or discovered by the use of reasonable and careful observation, care, and diligence, such as a prudent person would exercise under like circumstances, the defendant would not be guilty of negligence as the term 'negligence' is defined in the court's charge."

It is insisted under this assignment that the evidence is sufficient to show that the accident was due to some latent defect in one of the rails which could not have been foreseen by the use of reasonable diligence. The refusal of the court to give this charge is not error. A carrier of passengers must use that high degree of care and skill which very cautious persons generally use under such circumstances to prevent injury to passengers upon its trains. This care and skill pertains not only to the original construction of the roadbed, track, equipment, and appliances necessary in the conduct of its business, but also to the examination and maintenance of the same. I. & G. N. Ry. Co. v. Halloren, 53 Tex. 46, 37 Am. Rep. 744; St. Louis & Southwestern Ry. Co. v. Gresham, 106 Tex. 452, 167 S. W. 724; St. Louis & S. F. Ry. Co. v. Boyer, 44 Tex. Civ. App. 311, 97 S. W. 1070. It is the rule that a request to give a special charge which is incorrect if sufficient to direct the attention of the trial judge to the issue requires the court to submit the issue by a correct charge. Olds Motor Co. v. Churchill, 175 S. W. 785, and authorities there cited. However, the rule does not apply where a case is submitted upon special issues, and where the complaining party has failed to request the submission of a special issue to the jury upon which the special charge is asked. A failure to request the submission of a special issue is a license to the court to determine the issue without the aid of the jury. V. S. C. S. art. 1985; Panhandle & Santa Fé Ry. Co. v. Huckabee, 207 S. W. 329. Plaintiff in error did not request a special issue, submitting to the jury whether the wreck was caused by the breaking of a rail from a latent defect.

[5] There is another more potent reason, however, why the charge should not have been given, and that is the insufficiency of the evidence to require the court to submit it.

[6] It is insisted under the second assignment that the judgment should be set aside, and the suit dismissed because the carrier was not made a party defendant. This question had been decided by this court in the case of Walker D. Hines, Director General, v. W. M. Collins, 227 S. W. 332, in an opinion not yet (officially) reported. Section 3115¾j, U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, provides that carriers, while under federal control, should be subject to all laws and liabilities as common carriers, etc., except in so far as such liability might be inconsistent with other provisions of the act, or any other act applicable to federal control, or with an order of the president; that suits might be brought by and against such carriers and judgment rendered in the same manner as before federal control, and that no defense should be made to such suit upon the ground that the carrier was an agent of the federal government. It is expressly provided, however, that—

"No process, mesne or final, shall be levied against any property under such federal control."

General order No. 50a, issued by the Director General, provides that suits based on causes of action growing out of control or operation by the Director General should be brought against the Director General, and not otherwise. The validity of this order has been upheld by some courts while others have held it to be in conflict with the provisions of the Act of Congress, referred to above. As said by Boyce, Justice, in the Collins Case, supra:

"We do not think it important to determine in this particular instance whether the suit should, prior to the termination of federal control, have proceeded in the name of the carrier or Director General, as defendant. In either case, the suit was in effect against the government, and there was no personal liability against the carrier."

Since no process could be levied against any property of the carrier while under federal control, it would be a useless formality to require that the carrier be made a party. Section (g) 206 of the act of February 28, 1920 (41 Stat. 462), provides that no execution or process other than on a judgment recovered by the United States against a carrier shall be levied upon the property of any carrier where the cause of action, on account of which the judgment was obtained, grew out of the possession, use control, or operation of any railroad, or system of transportation by the President, under federal control. While the courts are not in perfect accord upon this question, we believe we are sustained by the weight of authority, and refer to the cases cited in the Collins Case, supra.

[7] Under the third assignment it is insisted that the judgment should be reversed because Fred Thompson, one of the jurors, who had voted to give the plaintiff a large verdict, and while the jurors were discussing the question as to whether or not plaintiff was injured by accident, said he did not believe anything the witness testified on the part of the defendant, for the reason that they were railroad men and had to testify that way, and that a railroad man had told him that plaintiff was hurt as he claimed, and said juror further stated that he could give the name of the railroad man if they wanted to know; that this information had been im-

parted to him after he was selected and sworn as a juror. Upon the hearing of the motion for a new trial, the witness Fred Thompson and four other jurors were called to testify. The evidence shows that Thompson made some such remark, but each of the four jurors stated in effect that he was not influenced by what Thompson had said in the jury room, and that' he had rendered his verdict in accordance with the evidence adduced upon the trial. It appears that the juror Thompson had favored a verdict in the sum of $5,000 before the railroad man had talked with him, and that he afterwards agreed to a verdict of $2,500. He states he did not consider what he had heard in arriving at his verdict, and that it did not influence him. It does not appear from the record that the trial court has abused his discretion in overruling this ground of the motion.

Plaintiff in error insists by his fifth assignment that the verdict and judgment are contrary to and against the great preponderance of the evidence. The evidence is conflicting upon the fact of Parry's injuries, some of the testimony tending strongly to show that he was not injured at all, but after a review of the record, we think the evidence is sufficient to sustain the verdict and judgment, and we are not warranted in setting them aside upon this ground. The judgment is therefore affirmed.

### On Motion for Rehearing.

In an extended motion for rehearing plaintiff in error so earnestly and vigorously attacks the original opinion that we feel the necessity of again considering the propositions advanced.

[8, 9] It is first contended that this court erred in holding that the trial court correctly refused to give defendant's special charge No. 1. This charge is set out in the original opinion. As appears from the language of the special charge, it was not requested for the purpose of correcting or in lieu of the charge already given by the court on negligence. Subdivision (b) of the general charge is:

"Negligence, as that term is used in this charge, is the doing of that which a very careful ard prudent person would not do under the same or like circumstances, or the failure to do that which a very careful and prudent person would do under the same or like circumstances."

It will be seen that this charge is more favorable to appellant in defining the degree of care required of carriers of passengers than it should have been. The only objection made to this charge by appellant is that it required "a higher degree of care on the part of the defendant than the law provides." We must therefore consider special charge No. 1, supra, as having been requested by way of supplement, rather than for the purpose of correcting the court's charge on negligence. If special charge No. 1 had correctly stated the degree of care required of appellant in inspecting its road, rails, and ties to discover the defect, we think the court was nevertheless correct in refusing it. The only special issue submitting negligence is as follows:

"Second. If you have answered yes to the last question, then say whether or not employees of said railway company were guilty of negligence at the time of said derailment, in any of the respects claimed by said plaintiff in his petition."

This is answered, "Yes." The several grounds of negligence claimed in the petition should have been submitted separately. V. S. C. S. 1984 (a); Emerson-Brantingham Co. v. Roquemore, 214 S. W. 679, and authorities cited. Appellant made no objection to this issue, because it did not distinctly and separately submit the several grounds of negligence as alleged, nor did appellant request the court to submit an issue requiring the jury to find whether the derailment was the result of a latent defect in the rails or ties, and by such failure invited the court to find upon that issue. V. S. C. S. art. 1985. Under such circumstances, a charge, of course, was unnecessary. We have again reviewed the record and statement of facts, and are convinced that there is no evidence from which the jury might have inferred that the accident was caused by a latent defect. A stronger reason, however, why the special charge should not have been given is that there is no evidence whatever to show that the road, ties, and rails had ever been inspected.

[10, 11] As suggested by appellee, the affidavits of the jurors were not evidence to be considered by the court upon the hearing in regard to the remark made by the juror Ferguson. Dallas Street Railway Co. v. Kelley, 142 S. W. 1005; article 2021, V. S. C. S. The express provision of the statute is that the granting of new trials under such circumstances is within the discretion of the court. While the communication by the juror was improper, the burden of showing injury rests upon the appellant, and nothing appears from the record which would authorize us to hold that the trial court abused his discretion in overruling the motion. The motion for rehearing is therefore overruled.